J-A05015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY BEBEE | : | |
| | : | |
| Appellant | : | No. 1551 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000764-2019

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 13, 2023**

Gregory Bebee entered an open guilty plea to three counts of possession of a firearm by a person prohibited (F1),[1] one count each of carrying a firearm without a license (F3),[2] and carrying a firearm in public on the streets of Philadelphia (M1).[3]  The Honorable Scott DiClaudio sentenced Bebee to an aggregate term of three to six years' incarceration, followed by five years' probation.  Bebee filed a timely post-sentence motion, which was denied by operation of law.[4]  On appeal, Bebee argues his sentence is harsh and

_____

[1] 18 Pa.C.S.A. § 6105.

[2] *Id.* at § 6106.

[3] *Id.* at § 6108.

[4] Bebee did not filed a direct appeal from his October 9, 2019 judgment of sentence and, instead, filed a *pro se* PCRA petition on March 4, 2020.  The
*(Footnote Continued Next Page)*

excessive. **See** Appellant's Brief, at 4. After review, we affirm on the basis of Judge DeClaudio's opinion.

There is no automatic right to appeal from a challenge to the discretionary aspects of a sentence. **See Commonwealth v. Austin**, 66 A.3d 798, 807-08 (Pa. Super. 2013). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. **Commonwealth v. Yanoff**, 690 A.2d 260, 267 (Pa. Super. 1997). Prior to reaching the merits of a discretionary aspects of sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify

_____

court appointed William Joseph Ciancaglini, Esquire, as counsel. On March 5, 2021, Bebee's appellate rights were reinstated *nunc pro tunc*, and Attorney Ciancaglini was granted permission to withdraw. On July 27, 2021, Bebee filed a *pro se* notice of appeal, and this Court issued a rule to show cause why the appeal should not be quashed as untimely. **See** Order, 8/11/21, citing Pa.R.A.P. 105(b); Pa.R.A.P. 121(f); Pa.R.A.P. 903(a). Bebee filed a *pro se* response on August 19, 2021, and, on September 21, 2021, this Court entered an order discharging the rule and referring the matter to the merits panel. Thereafter, this Court, by per curiam order dated September 26, 2021, directed the trial court to determine Bebee's eligibility for court-appointed counsel, and, if so eligible, to appoint counsel for Bebee within 30 days. On March 16, 2022, the trial court appointed Peter Alan Levin, Esquire, to represent Bebee on appeal. **See** Order, 3/16/22. On June 1, 2022, the trial court ordered Bebee to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, which Attorney Levin timely filed on behalf of Bebee on June 15, 2022. In light of the procedural missteps here, where Bebee's appellate rights were reinstated *nunc pro tunc*, but counsel was permitted to withdraw prior to filing a notice of appeal, and the trial court thereafter found Bebee eligible for appointed counsel, we find Bebee's *pro se* notice of appeal, filed on July 27, 2021, timely filed.

sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted). *See also Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018) (requirement appellant set forth reasons relied upon for allowance of appeal furthers purpose evident in Sentencing Code of limiting challenges to trial court's evaluation of multitude of factors impinging on sentencing decision to exceptional cases).

A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's action were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Janda*, 14 A.3d 147, 165 (Pa. Super. 2011) (quoting *Commonwealth v. Bullock*, 868 A.2d 516, 528 (Pa. Super. 2005)). Additionally, "we cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018). Finally, for purposes of determining what constitutes a substantial question, "we do not accept bald assertions of sentencing errors," but rather require an appellant to "articulat[e] the way in which the court's actions violated the sentencing code." *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. 2006).

Here, Bebee preserved his claim in a timely-filed motion for reconsideration of sentence, **see** Motion for Reconsideration of Sentence, 10/19/21, and we deem his appeal timely filed. **See supra** at n. 4. In addition, Bebee has included in his brief a Rule 2119 statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. **See** Appellant's Brief, at 8. Thus, we must determine whether Bebee's claim that the court "did not provide adequate reasons for the sentence," and imposed too severe a punishment in light of his "credible character evidence showing that he is capable of being a positive contributing member of the community with the support of his work[,]" raises a substantial question. **Id.**

We find Bebee has raised a substantial question. **See Commonwealth v. Proctor**, 156 A.3d 261, 273 (Pa. Super. 2017) (claim sentencing court did not set forth adequate reasons for sentence raises substantial question); **see also Commonwealth v. Macias**, 968 A.2d 773, 776 (Pa. Super. 2009) (same). However, upon review, we find no abuse of discretion. **Commonwealth v. Taylor**, 277 A.3d 577, 592-93 (Pa. Super. 2022) (sentencing is vested in sound discretion of sentencing judge; sentence will not be disturbed on appeal absent manifest abuse of discretion).

Here, Judge DiClaudio imposed a sentence below the standard range of the Sentencing Guidelines, considered a presentence investigation report and relevant mitigating evidence on the record, and provided, at sentencing, reasons for the sentence imposed. **See** Trial Court Opinion, 6/28/22, at 5-6

(court noting Bebee's sentence was mitigated by 36 months even after court found Bebee had lied in open court under oath); N.T. Sentencing, 10/9/19, at 4, 46-48) (court stating guidelines are 6 years plus or minus 12 months; "I'm giving him three times mitigation even after lying.").

We rely on Judge DeClaudio's opinion to affirm the judgment of sentence, and we direct the parties to attach a copy of that opinion in the event of further proceedings.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2023

IN THE COURT OF COMMON PLEAS
FOR THE COUNTY OF PHILADELPHIA
CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| V. | : | |
| | : | 1551 EDA 2021 |
| GREGORY BEBBE | : | NO. CP-51-CR-0000764-2019 |

**FILED**

**JUN 2 8 2022**

**OPINION**

Appeals/Post Trial
Office of Judicial Records

Scott DiClaudio, J.

Defendant Gregory Bebbe appeals from his sentence entered on October 9, 2019, subsequent to a guilty plea on July 16, 2019, for three counts of Possession of a Firearm by a Person Prohibited, 18 Pa.C.S. § 6105, one count of Carrying a Firearm Without a License, 18 Pa.C.S. § 6106, and one count of Carrying a Firearm in Public on the Street of Philadelphia, 18 Pa.C.S. § 6108. On appeal, Defendant challenges the sentence stating it is harsh and unreasonable. For the reasons discussed herein, the Superior Court should affirm this Court's sentence and uphold this Court's denial of Defendant's post-sentence motion.

## I.   FACTUAL HISTORY[1]

On October 26, 2018, around 6:00 p.m., Defendant was at a barber shop near 68th and Ogontz Avenues in the City and County of Philadelphia, Pennsylvania, when a young man holding his chin entered the shop. N.T. Plea at 13, N.T. Sentencing at 19. The victim had been shot in the chin and was bleeding profusely. N.T. Sentencing at 19.  Defendant stated he did not know the young man but saw that he was bleeding from his face. *Id.* at 36-37. One of the barbers in the shop called

---

[1] This Factual History is taken from the Notes of Testimony Guilty Plea Volume 1, dated July 16, 2019 (hereinafter "N.T. Plea"); Sentencing Volume 1, dated October 9, 2019 (hereinafter "N.T. Sentencing").

1

for an ambulance. *Id.* at 19. As those in the barber shop heard sirens coming towards them, Defendant and the victim entered Defendant's vehicle and drove to the hospital although witnesses testified that no words were spoken between Defendant and the victim. *Id.* About a block and half away from the barber shop, as Defendant stopped at a stop sign, the two firearms the victim had removed from his pocket and placed on the back seat, fell to the floor and made a thud. *Id.* at 38-39. Defendant looked back at the noise and said, "Shit, that's too much." *Id.* Defendant then pulled over and placed the firearms under the hood of the car. *Id.* After dropping the victim off at the hospital, Defendant apparently returned to the barber shop.

When officers responded to a report of a shooting and a person with a firearm on October 26, 2018 around 6 p.m., Defendant was on scene, and admitted to two police officers that he hid two revolvers that the victim possessed. N.T. Plea at 13. Defendant stated he took the revolvers from the victim's pockets and hid them under the hood of the vehicle before driving the victim to the hospital. *Id.* at 14. The two revolvers were ultimately placed on a property receipt. *Id.*

## II. PROCEDURAL HISTORY

On October 27, 2018, Defendant, Gregory Bebbe, was arrested and charged with Carrying a Firearm without a License, Carrying a Firearm on the Public Streets of Philadelphia, and three counts of Possession of a Firearm by a Prohibited Person.[2] On July 16, 2019, Defendant pled guilty. On October 9, 2019, this Court sentenced Defendant to three (3) to six (6) years incarceration for the Possession of a Firearm by a Person Prohibited with five (5) years probations on the remaining charges. Defendant filed a Motion to Reconsider on October 16, 2019. This Court, by operation of law, denied the motion on February 14, 2020. Defendant did not file a direct appeal. On March 4, 2020, Defendant filed a pro-se PCRA Petition. PCRA Counsel was appointed,

---

[2] 18 Pa. C.S. § 6106, 18 Pa. C.S § 6108, 18 Pa. C.S. § 6105.

2

and counsel filed an amended petition on August 30, 2020. On March 5, 2021, this Court granted

Defendant's PCRA and reinstated Defendant's direct appellate rights nunc pro tunc. On March 6,

2021, Defendant filed a pro-se Motion to Reconsider Sentence. On July 26, 2021, by operation of

law, this Court denied the motion. On July 27, 2021, Defendant filed a pro se appeal. On February

7, 2022, Appellate Counsel was appointed. On June 1, 2022, this Court filed a 1925(b) order.[3] On

June 15, 2022, Defendant filed a Statement of Errors Complained of On Appeal.

## III. DEFENDANT'S STATEMENT OF MATTERS COMPLAINED OF ON

## APPEAL

Defendant raises the following issue in his Statement of Errors:

> The Court was in error in denying the defendant's Motion to Reconsider Sentence as the
> sentence of 3-6 years was harsh and unreasonable for the following reasons:
> 1. The defendant completed trade school and was employed full time.
> 2. The defendant had a good record of employment at Pro Com roofing and at
>    Munn roofing.
> 3. His supervisor, Charles Venezia, testified in defendant's behalf at the
>    sentencing hearing. Mr. Venezia describe the defendant as a really good
>    worker, he doesn't goof off, and is trustworthy.
> 4. The defendant is a father of four and was granted custody of his children in
>    2018.
> 5. Before his arrest in 2018, he had no police contact for nine years.
> 6. He successfully completed state parole without any issues.

Def.'s Statement of Matters Complained of On Appeal at 2 (Hereinafter "Def. SOE").

## IV. DISCUSSION

For the reasons discussed below, the alleged error has no merit.

### a. Sentence was not unreasonable and harsh.

Defendant alleges that this Court abused its discretion because it imposed a harsh and

unreasonable sentence because this Court did not take into account that:

---

[3] The delay in the appointment of appellate counsel and the filing of the 1925b order was due to a breakdown in court operations.

The defendant completed trade school and was employed full time. The defendant had a good record of employment at Pro Com roofing and at Munn roofing. His supervisor, Charles Venezia, testified in defendant's behalf at the sentencing hearing. Mr. Venezia describe the defendant as a really good worker, he doesn't goof off, and is trustworthy. The defendant is a father of four and was granted custody of his children in 2018. Before his arrest in 2018, he had no police contact for nine years. He successfully completed state parole without any issues.

Def's SOE at 2.

The right to appellate review of the discretionary aspects of a sentence is not absolute. Sentencing falls within the purview of the trial court and will not be disturbed absent a manifest abuse of that discretion. "An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment." *Commonwealth v. Crork*, 966 A.2d 585, 590 (Pa. Super. Ct. 2009). The trial court may also make any reasonable inferences deduced from the evidence at trial. *Commonwealth v. Downing*, 990 A.2d 778, 793 (Pa. Super. Ct. 2003). In addition,

> [w]hen a sentencing court deviates from the sentencing guidelines, it is important that the court reflect a consideration of the sentencing guidelines, the background and character of the defendant, the circumstances of the crime, and impose a sentence that is consistent with the protection of the public and the rehabilitative needs of the defendant.

*Commonwealth v. Cruz Ortega*, 539 A.2d 849, 852 (Pa. Super. Ct. 1988).

Here, a timely notice of appeal was filed, and the issue was preserved in a post-sentence motion. Defendant claims that the sentence was unduly harsh is without merit. This Court detailed the reasons for the sentence. Defendant, in his allocution, told multiple stories about what happened the night of the shooting. As the Court summarized,

> But [Defendant] knew [the victim] and he hid the guns on purpose under the hood, which is different from what he was trying to convey, which is the difference between a probation or a county sentence, and when you lie to a judge at sentencing, it's a problem. I'm still going to mitigate, and I am going to mitigate substantially, but you can't lie to me in open court and try to sustain those lies. Those are not little lies. I didn't know him. He's a stranger. That's a big lie, and they fell, and I didn't know what they were and I took them out and I hid them is another pretty big lie in terms of mitigation.

4

N.T. Sentencing at 42-43.

Defendant admitted he did not tell the truth to the Court about knowing the victim, and that the firearms fell out of the victim's pocket. *Id.* 40-41. Defendant further admitted that he knew the victim, he had previously offered him a job, and that Defendant had taken the firearms from the victim and placed them under the hood of his car. *Id.* at 41. The fact that the Court found Defendant less than credible due to the multiple versions of his story was a significant factor in the Court's sentencing. The Court stated:

> Here's where I am going to go, Ms. McLaughlin,[4] I'm going to go with what my instinct was, not that he had the gun, not that he was involved in the shooting, but he knew that the guy had guns, and he hid them for his friend or acquaintance, and I'm accepting all of that, but there is a certain sentence for that when you're a convicted felon, and it's not probation and it's not a county sentence, and he's lucky I can take a deep breath. Some judges would be not completely displeased and give him a guideline sentence for lying multiple times. I'm still going to mitigate substantially. His guidelines are what?
>
> MS. MCMULLEN:[5] 72 to 90.
>
> THE COURT: His guidelines are six years plus or minus 12. I'm going to give him that full mitigation to 12 months, and I'm going to give him another 12 months mitigation, and then I'm giving him another 12 months mitigation. So I'm giving him three times mitigation even after lying. So his sentence is three to six years, and you should consider yourself fortunate by my taking three years off the guidelines. .... That's on Count 1. On Count 2, five years probation, concurrent. On Count 3, five years probation concurrent. Tampering with evidence, that's nolle pros'd, and so it's three to six years with credit for time served. He is not RRRI eligible. ... I don't take this lightly. If you had not lied, you would have been in a better position. Your lawyer probably told you I'm reasonable, but you just can't lie in open court under oath. It cost you about a year, maybe a year and a half. I was considering 11½ to 23, but the lying was just problematic.

N.T. Sentencing at 46-47.

Defendant was sentenced to three (3) to six (6) years with 5 years of probation, which is within the sentencing guidelines of seventy-two (72) months to ninety (90) months.[6] The Court

---

[4] Brandi McLaughin, Esq. represented Defendant during sentencing.
[5] Kolleen McMullen, Esq. represented the Commonwealth during sentencing.
[6] Six (6) years to seven and a half (7 ½) years.

noted that the sentence was mitigated by thirty-six (36) months even after the Court found Defendant lacked credibility. *Id.* at 47. Accordingly, this Court did not abuse its discretion in denying Defendant's Post-Sentence Motion.

## V. CONCLUSION

For the abovementioned reasons, the trial court's judgement and sentence should be affirmed.

BY THE COURT:

_____

**SCOTT DICLAUDIO, J.**

**Commonwealth v. Gregory Bebbe**
**CP-51-CR-0000764-2019**

## PROOF OF SERVICE

I hereby certify that I am this day caused to be served the foregoing this person(s), and in the manner indicated below:

Attorney for the Commonwealth:

ATTN: Appeals Unit
District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107

Type of Service:  (     ) Personal (✓) First class mail

Attorney for Defendant:

Peter A Levin, Esquire
1927 Hamilton St.
Philadelphia, PA 19130

Type of Service:  ( ) Personal (✓First class mail

DATE: 6/28/2022

TJ Denley, Esquire
Law Clerk to Hon. Scott DiClaudio

7

# APPENDIX B

June 15, 2022 09:02am

Welcome!

Peter A. Levin

Username:plevin
Update Information

**Main Menu**

**Help**

**Log Off**

CP-51-CR-0000764-
2019
EFile #: 2206030455
Status: **Pending**
Started: 06/15/22
Court: **CR**

\* Required Field.

User Accepts/Agrees to
Rules/Agreement.

✉ **CONTACT US**
By phone (215) 683-7517



## IMPORTANT NOTICE

The legal paper you electronically presented for filing has been received by the Clerk of Court. The following information will assist you in tracking the status of the pleading:

Docket No.: **CP-51-CR-0000764-2019**

Caption: **Comm. v. Bebee, Gregory I.**

Date Presented to the Clerk of Court for Filing: **June 15, 2022 09:02 AM**

Type of Filing/Legal Paper: **Statement Of Matters Complained On Appeal**

E-File No.: **2206030455**

Confirmation No.: **4B53E474C**

Personal Reference No.: **N/A**

Filing Fee: **$0.00**

Please be advised that the above legal paper will not be deemed to have been "filed" until it has been reviewed and accepted by the Clerk of Court.

Philadelphia Criminal Rule 576 (c) provides that if payment has been received prior to or at the date and time of submission, and the legal paper is not rejected by the Clerk of Court, the date and time of acceptance shall be the date and time of submission. If payment is received after the date and time of submission, and the legal paper is not rejected by the Clerk of Court, the filing date and time of a legal paper shall be the date and time payment is received. If a legal paper is rejected, as authorized by law, the Clerk of Court shall inform the filer whether the legal paper may be modified or a new legal paper must be submitted.

You will be notified by email when your legal paper has been approved or rejected by the Clerk of Court. If you do not receive an approval or rejection email within two (2) business days you may contact the Motions Unit at (215) 683-7518 to determine the status of your electronic filing.

At any time, you may check the status of your electronic filing by logging in to the Electronic Filing Web Site at http://courts.phila.gov using the Court-issued User Name and Password.

Philadelphia Criminal Rule 576 requires that the filer maintain the original of a sworn or verified document contained in an electronic filing (e.g., affidavit) or contained within an electronic filing (e.g., verification), and shall make it available upon direction of the court or request of the signatory or opposing party.

All parties are requested to review the Important Information contained in the Disclaimer which displays immediately before accessing the Criminal Electronic Filing System

Thank You,
Eric Feder
Deputy Court Administrator

Go back to main menu



Copyright ©2012 First Judicial District of Pennsylvania. All Rights Reserved.

Peter A. Levin
Attorney at Law
#09221
1927 Hamilton Street
Philadelphia, PA 19130
(215)563-3454

IN THE COURT OF COMMON PLEAS

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA           CP 51-CR- 0000764-2019
      VS.

GREGORY BEBEE

<u>STATEMENT OF MATTERS COMPLAINED OF ON APPEAL</u>

TO THE HONORABLE SCOTT DICLAUDIO, JUDGE OF THE SAID COURT:

The above named defendant, by his attorney, Peter A. Levin, respectfully notes the following matters to be raised on appeal, pursuant to Pennsylvania Rules of Appellate Procedure 1925(b):

**Background**

The defendant's attorney, William Ciancaglini, filed an amended PCRA petition on August 30, 2020  requesting that Defendant's appellate rights be restored nunc pro tunc.

The defendant's appellate rights were reinstated nun pro tunc  on March 5, 2021. The defendant's attorney, William Ciancaglini, was permitted to withdraw on March 5, 2021.

No counsel was appointed to represent the defendant.

On March 6, 2021, the defendant filed a pro se motion for reconsideration of sentence.

On July 26, 2021, the motion was denied by operation of law.

On July 27, 2021, the defendant filed a notice of appeal.

Present counsel was appointed on February 7, 2022.

## ISSUE TO BE RAISED ON APPEAL

The Court was in error in denying the defendant's Motion to Reconsider Sentence as the sentence of 3-6 years incarceration was harsh and unreasonable for the following reasons:

1. The defendant completed trade school and was employed full time.

2. The defendant had a good record of employment working at Pro Com roofing and at Munn roofing.

3. His supervisor, Charles Venezia, testified in defendant's behalf at the sentencing hearing. Mr. Venezia described the defendant as a really good worker, he doesn't goof off, and is trustworthy.

4. The defendant is a father of four and was granted custody of his children in 2018.

5.. Before his arrest in 2018, he had no police contact for nine years.

6.. He successfully completed state parole without any issues.

Respectfully submitted,

Peter A. Levin
Attorney-at-Law